## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **TAYLOR DEGGS, INDIVIDUALLY AND ON BEHALF OF S.L.D.D. AND S.L.D.S., THE MINOR CHILDREN OF STEPHEN DEGGS, DECEASED** | * * * * * | **CIVIL ACTION NO.: 3:19-cv-00406** |
| V. | * * | **JUDGE: HON. BRIAN A. JACKSON** |
| | * * | |
| **FIVES BRONX, INC., F/K/A ABBEY INTERNATIONAL, LTD., F/K/A ABBEY ETNA MACHINE CO.; ROCKWELL AUTOMATION, INC. D/B/A ALLEN-BRADLEY; APTIM MAINTENANCE, LLC; RICHARD SCOTT HOUSLEY; ABBEY ETNA COMPANY, LTD.** | * * * * * * * * * * | **MAGISTRATE: HON. ERIN WILDER-DOOMES** |
| | * | **TRIAL BY JURY REQUESTED** |

### APTIM MAINTENANCE, LLC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF, TAYLOR DEGGS', MOTION TO REMAND

NOW COMES Defendant, APTIM MAINTENANCE, LLC ("Aptim") and respectfully submits the following Memorandum in Opposition to Plaintiff's Motion to Remand on the following grounds:

**I. Procedural Background**

As the Court is aware, this litigation arises out of a work accident involving Stephen Deggs which took place on September 13, 2018 at the Stupp Corporation facility in East Baton Rouge Parish, Louisiana.[1] On June 20, 2019, Aptim removed this matter to the Middle District of Louisiana on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). In accordance

---

[1] See R. Doc. 16-2, Aptim's Notice of Removal, Exhibit A, Plaintiff's Original Petition for Wrongful Death and Survival Action, par. 13.

with the Court's instruction in the July 5, 2019 "Notice and Order,"[2] Aptim submitted an amended Notice of Removal (R. Doc. 16-2) on July 12, 2019 which clarified the Louisiana citizenship of Plaintiff Taylor Deggs and which clarified the citizenship of defendant, Abbey Etna Company, Ltd., in California, Ohio and Michigan.[3]

On July 16, 2019, the Plaintiff filed a Motion to Remand for Lack of Subject Matter Jurisdiction and Improper Removal.[4]  In that Motion, the Plaintiff sets out three primary arguments for remand: "1) Ms. Deggs has alleged viable claims against a non-diverse defendant, precluding diversity jurisdiction; (2) the removing defendants fail to show the citizenship of one defendant, thereby failing to demonstrate diversity jurisdiction; and (3) one removing defendant waived the right to remove or join in removal, precluding its co-defendants' removal."[5]  As shown below, all of these arguments either fail on their merits, or have simply been rendered moot by the amended Notice of Removal.

**II.    Law and Argument**

**A. Housley Was Fraudulently Joined Purely To Defeat Diversity Jurisdiction.**

It is not genuinely disputed that, as between the Plaintiff (Louisiana) and Aptim, Fives Bronx, Inc., Rockwell Automation, Inc., and Abbey Etna Company, Ltd, there is complete diversity of citizenship.[6]  The Plaintiff has, however, also filed suit against Richard Scott Housley, alleged to be a citizen of Louisiana.[7]  If legitimate, this inclusion of Mr. Housley as a defendant would defeat diversity jurisdiction.  However, the Plaintiff has asserted no particular

---

[2] See R. Doc. 14, Court's July 5, 2019 Notice and Order.
[3] See R. Doc 16-2, Aptim's Notice of Removal.  Specifically, Aptim attached Declarations from all three members of Abbey Etna Company, Ltd asserting their domiciles in, respectively, California, Ohio and Michigan, as Exhibits H, I and J to R. Doc. 16-2.
[4] See R. Doc. 17, Plaintiff's Motion to Remand.
[5] See R. Doc. 17, Plaintiff's Motion to Remand.
[6] *Strawbridge v. Curtiss,* 7 U.S. 267, 2 L.Ed. 435 (1806).
[7] See R. Doc. 16-2, Aptim's Notice of Removal, Exhibit A, Plaintiff's Original Petition for Wrongful Death and Survival Action, par. 5.

acts of Mr. Housley (an Aptim supervisor who was not even present at the time of Mr. Deggs' accident) which would support a cause of action against him personally under *Canter v. Koehring Co.*, 283 So.2d 716 (La. 1973). The Plaintiff has instead merely alleged that Housley was delegated general responsibilities and duties (the same duties generally alleged to have been owed by Aptim) through his employment that he failed to ensure were adequately performed. Given Mr. Housley's general status as a supervisor who was not present when Mr. Deggs' accident occurred and given the undisputed assertions in Mr. Housley's Declaration, it is the position of Aptim in the case that Mr. Housley has clearly been fraudulently or improperly joined as a defendant in this case purely for the purpose of defeating diversity jurisdiction.

> **1. Federal Removal Jurisdiction Premised On Diversity Cannot Be Defeated By The Presence Of An Improperly-Joined Nondiverse And/Or In-State Defendant.**

As Aptim pointed out in its Notice of Removal, "Under the fraudulent joinder doctrine, federal removal jurisdiction premised on diversity cannot be defeated by the presence of an improperly-joined nondiverse and/or in-state defendant."[8] The removing defendant bears the burden of demonstrating improper joinder.[9] Improper joinder of a non-diverse party can be proven by showing "(1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[10] "[T]he test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that

---

[8] *Salazar v. Allstate Texas Lloyd's, Inc.*, 455 F.3d 571, 574 (5th Cir. 7/10/06).
[9] *See Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990).
[10] *See Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) (citing *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc)).

there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[11]

In determining whether improper joinder has occurred, a Court may conduct a Fed. R. Civ. Proc. 12(b)(6)-type analysis, looking initially at the allegations in the Petition to determine whether the Petition states a claim under state law against the in-state defendant.[12] "A 'mere theoretical possibility of recovery under local law' will not preclude a finding of improper joinder.'"[13] Rule 12(b)(6) provides for dismissal for failure to state a claim upon which relief can be granted. In reviewing the complaint, courts accept all well-pleaded facts in the complaint as true.[14] However the pleading standard set forth in Fed. R. Civ. P. 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[15] To survive a motion to dismiss, the Petition must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.[16] That is, a plaintiff must provide sufficient factual content for the court to reasonably infer that the plaintiff is entitled to relief based upon the context of the case and the court's "judicial experience and common sense."[17] The plausibility standard is not a probability requirement, "but it asks for more than a sheer possibility that a defendant has acted unlawfully."[18] A complaint is insufficient if it offers only "'labels and conclusions,'" or "'a formulaic recitation of the elements of a cause of action.'"[19] In fact, a Motion to Dismiss under Fed. R. Civ. Proc. 12(b)(6) has been filed on behalf of Richard Scott Housley alleging this failure

---

[11] *Smallwood v. Ill. Cent. R.R.,* 385 F.3d 568, 573 (5th Cir.2004) (en banc), *cert. denied,* 544 U.S. 992, 125 S. Ct. 1825, 161 L.Ed.2d 755 (2005).
[12] *See Reese v. ICF Emergency Mgmt. Servs. Inc., LLC*, 684 F. Supp. 2d 793, 798 (M.D. La. 2010) (citing *Smallwood*, 385 F.3d at 573); *see also McKee v. Kansas City S. Ry.*, 358 F.3d 329, 334 (5th Cir. 2004).
[13] *See Smallwood*, 385 F.3d at 573 n. 9 (quoting *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 (5th Cir. 2000)).
[14] *C.C. Port, Ltd. v. Davis-Penn Mortg. Co.*, 61 F.3d 288, 289 (5th Cir. 1995).
[15] *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).
[16] *Id.* (citing *Twombly*, 550 U.S. at 570).
[17] *Id.* at 663-64, 678.
[18] *Id.* at 678.
[19] *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

to state a claim against him upon which relief could be granted under *Canter*. That Motion is still pending before this Court.

As an alternative means of determining improper joinder, the Court may, in its discretion, pierce the pleadings and conduct a summary judgment-type inquiry by examining evidence.[20] A Court may examine affidavits such as the Declaration of Mr. Housley attached to the Notice of Removal, evidence, and deposition testimony to determine whether the plaintiff has a reasonable basis of recovery against the nondiverse defendants.[21] In this case, the Plaintiff's allegations against Housley fail the *Twombly-Iqbal* Rule 12(b)(6) standard. Moreover, examining evidence to pierce their allegations, it is clear that Plaintiff does not have a reasonable basis for recovering against Housley.

### 2. Plaintiff's Motion to Remand Does Not Dispute Housley's Declaration.

Despite Plaintiff's implication in the Motion to Remand that the Petition contained extensive allegations against Housley, in reality, the only explanation for the inclusion of Mr. Housley as a Defendant in the case is located in Paragraph 15 of the Plaintiff's Petition, which states:

> […] Additionally, **Defendant Housley was the supervisor responsible for overseeing and performing maintenance, repair and inspection services on equipment at the subject facility.** Defendant Housley and Defendant Aptim failed to adequately inspect and repair the subject equipment such that it was in an adequate safe working manner prior to the underlying accident.[22]

Accordingly, other than to allege Housley was a supervisory employee of maintenance contractor, APTIM, responsible for overseeing and performing maintenance at the Stupp Corporation facility, Plaintiff does not assert any facts connecting Housley to the accident

---

[20] *Reese v. ICF Emergency Mgmt. Servs. Inc.*, 684 F. Supp. 2d 793, 798-99 (M.D. La. 2010); *McDonal v. Abbott Labs.*, 408 F.3d 177, 183, n.6 (5th Cir. 2005).
[21] *See Reese*, 684 F. Supp. 2d at 798-99; *Mclin v. H & H Lure Co.*, 102 F. Supp. 2d 341, 343 (M.D. La. 2000).
[22] See R. Doc. 16-2, Aptim's Notice of Removal, Exhibit A, Plaintiff's Original Petition for Wrongful Death and Survival Action, par. 15.

involving Stephen Deggs, let alone point to any specific facts giving rise to discrete allegations of negligence against Housley. Accordingly, Plaintiff's Petition does not survive the Rule 12(b)(6) standard.

Further, in the Motion to Remand, the Plaintiff does not generally dispute any of the allegations in Housley's Declaration, attached as Exhibit B to Aptim's Notice of Removal and which is attached here again by reference.[23] For brevity's sake, Defendant will not restate the attestations of Housley Declaration here. In short, there is no particular reason the plaintiff sued Mr. Housley instead of any number of other supervisors or employees who worked at the facility. The Plaintiff simply had to pick someone to sue who had a Louisiana domicile so that individual could destroy diversity. Mr. Housley was the unfortunate selection.

### 3. *Canter v. Koehring* Sets Out The Factors For An Employee Or Manager Of A Contractor To Be Held <u>Personally</u> Liable To A Third Party Under Louisiana Law.

For an employee or manager of a contractor to be held <u>personally</u> liable to a third party under Louisiana law, a plaintiff must show that: (1) the employer owed a duty to the third person; (2) the employer delegated that duty to the employee; (3) the employee defendant breached the delegated duty through personal fault (as opposed to technical or vicarious fault); and (4) the alleged fault of the employee was not based on general administrative responsibility but was based on the breach of a personal duty that specifically caused the third person's damages. *See Canter v. Koehring Co.*, 283 So. 2d 716, 721 (La. 1973), *superseded by statute on other grounds as recognized in Walls v. Am. Optical Corp.*, 740 So. 2d 1262, 1265 (La. 1999). The *Canter* Court clarified the fourth requirement:

> With regard to the personal (as contrasted with technical or vicarious) fault, **personal liability cannot be imposed upon the officer, agent or employee simply because of his <u>general administrative responsibility</u> for performance**

---

[23] See R. Doc. 16-2, Aptim's Notice of Removal, Exhibit B: Declaration of Richard Scott Housley.

-6-

**of some function of the employment.  He must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages.  […].**[24]

Further, "the Louisiana Supreme Court has explained that in order for personal liability to attach under *Canter*," the managerial employee "'must have some personal contact with and responsibility towards the injured employee.'"[25]

Housley establishes in his sworn declaration that he was a managerial employee of APTIM Maintenance, LLC and had not been delegated a personal duty or responsibility to protect Stephen Deggs from becoming injured in the operation of the pipe cutting machine.  The duties which Plaintiff alleges Housley had been delegated in the Petition were all general administrative responsibilities.  Further, Housley was not involved in or even present for the accident involving Mr. Deggs at Stupp Corporation.  Housley was not delegated any of the duties alleged in the Petition against all the defendants collectively; the alleged responsibility of overseeing and performing maintenance, repair, and inspection services on equipment at the Stupp Corporation facility are part of the general administrative responsibilities of the position of Shift Supervisor.[26]  The Plaintiff has not disputed these allegations in Housley's Declaration.

The Fifth Circuit and this Court have repeatedly applied the *Canter* factors in analyzing whether a plaintiff can maintain claims against an individual employee.[27]  Because Plaintiff has completely failed to even plead these *Canter* elements in the Petition, and since the Plaintiff has not disputed the Declaration of Housley and its attestations, there is no reasonable possibility of recovery against Housley as a managerial employee of APTIM Maintenance, LLC.

---

[24] *Canter v. Koehring Co.*, 283 So. 2d 716, 721 (La. 1973)  Emphasis added.
[25] *See Kemp v. CTL Distrib., Inc.*, 440 F. App'x. 240, 246 (5th Cir. 2011) (quoting *Esco v. Smith*, 468 So. 2d 1169, 1175 (La. 1985)); *Long v. Int'l Paper Co.*, No. 1:16-CV-00430, 2016 U.S. Dist. LEXIS 148527, at *6 (W.D. La. Sep. 20, 2016), *R&R adopted*, No. 1:16-CV-00430, 2016 U.S. Dist. LEXIS 148782, at *1 (W.D. La. Oct. 26, 2016).
[26] See R. Doc. 16-2, Aptim's Notice of Removal, Exhibit B: Declaration of Richard Scott Housley, pars. 3-9.
[27] *See Guillory v. PPG Indus., Inc.*, 434 F.3d 303 (5th Cir. 2005); *In re: 1994 Exxon Chem. Fire*, 558 F.3d 378 (5th Cir. 2009); *Anderson v. Georgia Gulf Lake Charles, LLC*, 2009 WL 2029892 (5th Cir. 2009); *St. Pierre v. Potash Corp.*, 11-536, 2011 WL 6936402 (M.D. La. 2011); *Miller v. Esparza*, 12-199, 2012 WL 2577262 (M.D. La. 2012).

### 4. Plaintiff Does Not Allege That Housley Acted Intentionally or Outside the Course and Scope of His Employment.

The Plaintiff does not even allege that Housley ever deviated from the course and scope of his employment, such that the Plaintiff would be concerned that Aptim would claim not to be vicariously liable for the alleged acts of Housley. It is well-known Louisiana law that an employer is vicariously liable through the doctrine of *respondeat superior* for negligent acts of an employee taken in the course and scope of his or her employment.[28] Only if the employee's actions were intentional or truly outside the course and scope of his or her employment is there no solidarity with the employer.[29] The Plaintiff does not allege that the actions of Mr. Housley were either intentional or outside the course and scope of his employment. Accordingly, since a company can only act through the actions of its officers, agents or employees[30], and since Aptim would be vicariously liable for the negligent acts of any of its employees engaged in the course and scope of their employment, suit against Aptim alone should have been sufficient to encompass the negligent acts of any of its employees, including Housley, *unless* one was deliberately seeking a Louisiana domiciliary to sue.

It is patently clear that Plaintiff has sued Housley purely in an attempt to destroy diversity of citizenship and eliminate the federal court's jurisdiction over this suit. There is no "reasonable basis for the district court to predict that the plaintiff might be able to recover

---

[28] *Foster v. Hampton*, 381 So.2d 789, 791 (La. 1980).  See also, *Nicholson & Loup, Inc. v. Carl E. Woodward, Inc.*, 596 So.2d 374, 398 (La. App. 4 Cir. 1992) (emphasis added): "In any case involving employee/employer vicarious liability, the employer and the employee are solidarily liable with one another as a matter of law for the damages caused by the employee's negligence, although the liabilities are based on different sources.  The employee's liability is based on his personal act or omission, while the employer's liability is based on his relationship to the negligent employee."

[29] E.g.: "An employer is not vicariously liable merely because his employee commits an intentional tort on the business premises during working hours." *Baumeister v. Plunkett,* 95-2270 (La. 5/21/96); 673 So.2d 994, 996.)

[30] *Arabie v. CITGO Petroleum Corp.*, 2010-2605 (La. 3/13/12); 89 So.3d 307, 333: "It is a fundamental principle of corporate law that a corporation acts only through its officers, employees, and other agents or mandataries."

against" Housley.[31]   Housley should be dismissed from this case and this matter should be permitted to remain in federal court.

### B. Aptim's July 12, 2019 Amended Notice of Removal Has Already Clarified the Citizenship of Abbey Etna Company, Ltd.

The Plaintiff's argument regarding Aptim's purported failure to adequately show the citizenship of Abbey Etna Company, Ltd. is simply moot at this point.  As noted above, the Court itself has already *sua sponte* ordered that Aptim amend the Notice of Removal to assert the citizenship of Abbey Etna Company, Ltd. with greater particularly.[32]   Specifically, Aptim attached Declarations from all three members of Abbey Etna Company, Ltd., asserting their domiciles in California, Ohio and Michigan, not Louisiana.  Since Abbey Etna Company, Ltd. is considered to have the citizenship of its former members, its citizenship would be in California, Ohio and Michigan, not Louisiana.  Abbey Etna Company, Ltd. does not destroy diversity.

### C. Rockwell Automation Has Not Waived Its Right To Remove Or Consent To Removal.

Plaintiff's Motion to Remand argues that Rockwell Automation, Inc. waived its right to consent to removal by filing an Exception of No Cause of Action in State Court.  Aptim adopts and incorporates by reference the arguments of Rockwell Automation, Inc. and Fives Bronx, Inc. in their Opposition memoranda to Plaintiff's Motion to Remand on this particular issue.  In sum, Plaintiff has failed to show that Rockwell Automation demonstrated a "clear and unequivocal" intent to litigate this matter in state court or that Rockwell Automation "experimented" in state court by filing its exception.[33]   Consequently, Plaintiff cannot and has not shown Rockwell

---

[31] *Smallwood v. Ill. Cent. R.R.,* 385 F.3d 568, 573 (5th Cir.2004) (en banc), *cert. denied,* 544 U.S. 992, 125 S. Ct. 1825, 161 L.Ed.2d 755 (2005).
[32] See R. Doc. 14, Court's July 5, 2019 Notice and Order.
[33] *Strong v. Green Tree Servicing, L.L.C.*, 716 F. App'x 259, 263 (5th Cir. 2017); *Carpenter v. Illinois Cent. Gulf R. Co.*, 524 F. Supp. 249, 251 (M.D. La. 1981).

Automation waived its right to removal. Therefore, Rockwell Automation's Consent to Removal is valid and APTIM Maintenance's Notice of Removal is proper.

### III. Conclusion

To the extent not otherwise inconsistent with Aptim's position and defenses in this case, Aptim further adopts by reference all of the arguments in the Opposition memoranda filed by Rockwell Automation, Inc. and Fives Bronx, Inc. in response to Plaintiff's Motion to Remand. This Court has the authority to disregard fraudulently-joined non-diverse defendants and retain subject matter jurisdiction over this matter on the basis of diversity of citizenship, under 28 U.S.C. §1332.  On that basis, the Motion to Remand should be denied.

This 6th day of August, 2019.

**Respectfully submitted,**

**/s/ Jason E. Wilson**

**Jason E. Wilson (28813)**

OF COUNSEL:
**Galloway, Johnson, Tompkins, Burr & Smith, PLC**
**328 Settlers Trace Blvd.**
**Lafayette, Louisiana 70508**
**Telephone: (337) 735-1760**
**Facsimile:  (337) 993-0933**
*Attorneys for APTIM Maintenance, L.L.C. and Richard Scott Housley*

### NOTICE OF ELECTRONIC FILING

I certify that I have electronically submitted for filing, a true and correct copy of the foregoing document with the clerk of the court for the U.S. District Court, Middle District of Louisiana, on the 6th day of August, 2019 using the CM/ECF System.

**/s/ Jason E. Wilson**

JASON E. WILSON