# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **TAYLOR DEGGS** | **CIVIL ACTION** |
| **VERSUS** | |
| **FIVES BRONX, INC., ET AL.** | **NO: 19-00406 BAJ-EWD** |

## RULING AND ORDER

Before the Court is the **Motion to Dismiss (Doc. 9)** filed by Defendants. Plaintiff has filed an opposition. (Doc. 19). For the following reasons, the **Motion (Doc. 9) is DENIED WITHOUT PREJUDICE.**

### I. BACKGROUND

On March 27, 2019, Plaintiff filed an action in state court against several Defendants, including Richard Housley. It is uncontested that Plaintiff and Housley are both citizens of Louisiana. Defendants removed the case, alleging that Housley was improperly joined. On June 27, 2019, Defendants filed the instant motion. (Doc. 9). Defendants argue that Plaintiff has failed to state a claim upon which relief could be granted as to Housley. (*Id.* at 1). On July 16, 2019, Plaintiff filed a motion to remand. (Doc. 17).

### II. DISCUSSION

A civil action may be removed from a state court to a federal court on the basis of diversity. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016). Diversity jurisdiction requires complete diversity

between the parties. *McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 333 (5th Cir. 2004). The doctrine of improper joinder is a "narrow exception" to the requirement of complete diversity. *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007). There are two ways to establish improper joinder: 1) actual fraud in the pleading of jurisdictional facts, or 2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). If a court determines that the non-diverse party has been improperly joined, that party must be dismissed without prejudice. *Int'l Energy Ventures Mgmt., L.L.C.*, 818 F.3d at 209. If a court determines that the joinder of the non-diverse party was proper, however, remand is mandated. *Smallwood*, 385 F.3d at 575.

The United States Court of Appeals for the Fifth Circuit has held that when a defendant removes a case from state to federal court on a claim of improper joinder, "the district court's first inquiry is whether the removing party has carried its heavy burden of proving that the joinder was improper. Indeed, until the removing party does so, the court does not have the authority to do more; it lacks the jurisdiction to dismiss the case on its merits." (*Id.* at 576). Put another way, "[a]s long as a nondiverse party remains joined, the *only* issue the court may consider is that of jurisdiction itself." Int'l Energy Ventures Mgmt., 818 F.3d at 209.

In the instant case, Plaintiff has filed a motion to remand, which remains pending. (Doc. 17). Until the motion to remand is ruled on, the Court lacks jurisdiction to dismiss the case on the merits.

III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendants' **Motion to Dismiss (Doc. 9)** is DENIED WITHOUT PREJUDICE.

Baton Rouge, Louisiana, this 9th day of January, 2020.

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA