## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

TAYLOR DEGGS,                                        CIVIL ACTION
*individually and on behalf*
*of the minor children of*
*Stephen Deggs, deceased*

APTIM MAINTENANCE, LLC, ET AL.            NO. 19-00406-BAJ-EWD

## RULING AND ORDER

Before the Court is Third Party Defendant Stupp Bros., Inc.'s ("Stupp") **12(b)(6) Motion To Dismiss Third Party Demand Filed By Fives Bronx, Inc. (Doc. 59).** The Motion is opposed. (Doc. 62). Stupp filed a Reply Memoranda. (Doc. 64). For the reasons stated herein, Stupp's Motion is **DENIED.**

## I.    BACKGROUND

On March 27, 2019, Plaintiff Taylor Deggs filed this wrongful death and survival action on behalf of herself and her two minor children following an alleged workplace incident that resulted in the death of Stephen Deggs ("Decedent"), Plaintiffs' husband and father. (Doc. 1-2, ¶¶ 1, 7, 13–15). Decedent allegedly suffered serious injuries when wedged between a pipe and pipe cutting machine at a facility operated by Stupp Corporation, resulting in his death. (*Id.* at ¶¶ 13–14).

Plaintiff asserts negligence and product liability claims against several Defendants, including Defendant Fives Bronx, Inc. ("Fives"). (*Id.* at ¶¶ 2–6; 16–24).

Fives is the alleged manufacturer, designer, and distributor of the conveyer and cutting machine involved in the underlying incident.[1] (*Id.* at ¶ 15).

On June 9, 2020, Fives brought a Third Party Complaint against Stupp Bros., Inc. ("Stupp"). (Doc. 50). Fives asserts that Stupp is contractually required to indemnify, defend, and hold Fives harmless. (Doc. 50, ¶¶ 9, 10, 13). Fives alleges that Stupp's failure to do so was a breach of contract, entitling Fives to damages, costs, and attorney's fees. (*Id.* at ¶ 13). Stupp moves to dismiss Fives' Third Party Complaint. (Doc. 59).

## II.    LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint against the legal standard set forth in Federal Rule of Civil Procedure 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft,* 556 U.S. at 679.

"[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

---

[1] Plaintiff alleges that Fives was formerly known as Abbey International, Ltd. and/or Abbey Etna Machine Company. (Doc. 62, p. 2 (citing Doc. 50-1, ¶¶ 2, 15, 19–24)).

misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). Hence, the complaint need not set out "detailed factual allegations," but something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" is required. *Twombly*, 550 U.S. at 555. When conducting its inquiry, the Court "accepts all well-pleaded facts as true and views those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010) (quotation marks omitted).

## III.   DISCUSSION

Stupp moves to dismiss Fives' Third Party Complaint based on its argument that no enforceable indemnity provision between Stupp and Fives exists. (Doc. 59-1, p.   4;   Doc.   50).   Additionally,   Stupp   argues   that   the Louisiana Anti-Indemnity Act ("LAIA") precludes any indemnity in favor of Fives. (Doc. 59-1, p. 5).

The Court considers whether Fives has plausibly alleged that it is entitled to indemnity from Stupp under Louisiana law. *See Thibodeaux v. Red Frog Events, LLC*, No. CV 17-00695-BAJ-EWD, 2018 WL 4373753, at *2 (M.D. La. Sept. 13, 2018). Under Louisiana law, there are two types of indemnity—contractual and implied. *Id.* (citing *Nassif v. Sunrise Homes, Inc.*, 739 So.2d 183, 185 (La. 1999)). The Court will consider each in turn.

### A.  Contractual Indemnity

The parties dispute the existence of a valid contract between Fives and Stupp. (Doc. 59-1, p. 4; Doc. 62, p. 6). Fives argues that it pled and produced the existence of

contract documents upon which Stupp is liable for breach of contract and for defense and indemnity obligations. (Doc. 62, p. 6; Doc. 50–Doc. 50-3). Stupp argues that no enforceable contract exists. (Doc. 59-1, p. 4).

"A contract is formed by consent of the parties established through offer and acceptance." *SnoWizard, Inc. v. Robinson*, 897 F. Supp. 2d 472, 478 (E.D. La. 2012) (citing La. Civ. Code art. 1927). To create a binding obligation, both parties must agree to the substantial elements of the contract. *Id.* (citing La. Civ. Code arts. 1779 and 1798). Consent to a sales contract must include agreement on the thing and the price. *Id.* (citing La. Civ. Code art. 2439). If the parties do not agree on all the terms, then there is no contract. *Id.* (citing *Philips v. Berner*, 2000–0103 (La. App. 4th Cir. 5/16/01); 789 So. 2d 41, 45).

Unless specific statutes state otherwise, Louisiana law allows offer and acceptance to be made in any manner that is "clearly indicative of consent," and there need not be conformity between the manner in which the offer is made and the manner in which it is accepted. *Id.* (citing La. Civ. Code art. 1927). Louisiana courts have held that consent may be implied, even through a party's silence, from the circumstances. *Id.* (citing *Bailey v. R.E. Heidt Const. Co.*, 205 So. 2d 503, 506 (La. App. 3d Cir. 1967)). If there is a genuine dispute, it is left to the fact-finder to determine whether there has been a "meeting of the minds" between the parties so as to constitute mutual consent. *Id.* (citing *Bailey*, 205 So. 2d at 506).

However, "[t]he existence or nonexistence of a contract is a question of fact and, accordingly, the determination of the existence of a contract is a finding of fact." *Id.*

(citing *Sam Staub Enters., Inc. v. Chapital*, 2011–1050 (La. App. 4th Cir. 3/14/12); 88 So. 3d 690, 694). Accordingly, the determination of whether a valid contract exists here between Fives and Stupp "requires factual findings that cannot be made at the Rule 12(b)(6) stage." *See Thibodeaux v. Red Frog Events, LLC*, No. CV 17-00695-BAJ-EWD, 2018 WL 4373753, at *2 (M.D. La. Sept. 13, 2018) (internal citations omitted).

Additionally, to determine whether any alleged indemnity provision is void under the Louisiana Anti-Indemnity Act ("LAIA") as Stupp argues, the Court must first determine whether a contract exists. (*See* Doc. 87, Court's Ruling and Order describing relevant provisions of the LAIA). The Court cannot determine whether the contract, if any, constitutes a "construction contract" pursuant to Louisiana Revised Statutes § 9:2780.1(2)(a) without first determining whether the alleged contract documents are valid and binding between Fives and Stupp.

Stupp also argues that claims against it must be analyzed against the backdrop of the Louisiana Workers' Compensation Act. (Doc. 64, p. 2). Louisiana courts have held, however, that tort immunity under workers' compensation statutes does not preclude contractual indemnity. *Jarreau v. City of Baton Rouge*, 602 So. 2d 1124, 1126–27 (La. App. 1st Cir. 1992) ("[W]hile a joint tortfeasor may not seek tort contribution or indemnification from a plaintiff's employer, there is no prohibition against an employer contractually agreeing to indemnify another party."). Thus, to the extent a valid contractual indemnity provision between Fives and Stupp exists,

such contractual indemnity is not barred by the Louisiana Workers' Compensation Act.

At this stage of litigation, the Court is only concerned with whether Fives has alleged sufficient facts to state a plausible third party claim for indemnity. *See Buratt v. Red Frog Events, LLC*, No. CV 17-00100-JJB-EWD, 2017 WL 5147156, at *3 (M.D. La. Nov. 6, 2017) (citing *Martco Ltd. P'ship v. Bruks Inc.*, 430 Fed. Appx. 332, 337–38 (5th Cir. 2011); *Cedar Ridge, LLC v. Landmark American Ins. Co.*, 2013 WL 4854388 *5–7 (E.D. La Sept. 10, 2013)). Additionally, the Court must view all facts in the light most favorable to Fives. *See Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010) (quotation marks omitted). Accordingly, Stupp's Motion to Dismiss is denied as to Fives' contractual indemnity claim.

## B. Implied Indemnity

Fives argues that even in the absence of a written contract, it has stated a plausible indemnity claim against Stupp, relying on the United States Court of Appeals for the Fifth Circuit's decision in *Martco Ltd. P'ship v. Bruks Inc.*, 430 F. App'x 332, 334–35 (5th Cir. 2011). (Doc. 62, p. 12).

In *Martco*, the Fifth Circuit overruled the district court's dismissal of a third-party complaint due to the district court's narrow interpretation of Louisiana indemnity law. *See Martco Ltd. P'ship*, 430 F. App'x at 332; *see also Cedar Ridge, LLC v. Landmark Am. Ins. Co.*, No. CIV.A. 13-672, 2013 WL 4854388, at *6 (E.D. La. Sept. 10, 2013). There, a customer brought an action against an

equipment manufacturer who allegedly sold it defective equipment. *Id.* The manufacturer filed a third-party complaint seeking indemnity from an engineering firm that provided it with designs for the equipment. *Id.* The district court originally held that non-contractual indemnity was limited to the context of employer-employee or contractor-subcontractor relationships and dismissed the engineering firm. *Id.* at 336.

The Fifth Circuit overruled the district court's decision, finding that at the third-party complaint stage, "we are only concerned whether [third-party plaintiff] has stated in its third-party complaint, a plausible basis for an entitlement to legal indemnity . . . [and] we do not decide whether, or under what circumstances any of the theories of relief will ultimately support an indemnity claim." *Id.* at 338.

The Court should dismiss a third party claim for indemnity if "[t]here is no foreseeable combination of findings, viewing the allegations of the pleadings . . . in the light most favorable to [the party seeking indemnity], that could result in [that party] being cast in judgment for mere technical or passive fault." *Thibodeaux v. Red Frog Events, LLC,* No. CV 17-00695-BAJ-EWD, 2018 WL 4373753, at *2 (M.D. La. Sept. 13, 2018) (citing *Threlkeld v. Haskins Law Firm,* 922 F.2d 265, 267–68 (5th Cir. 1991) (citation and internal quotation marks omitted)). An action for indemnity will lie so long as the party's fault "can be characterized as merely technical or constructive," and where the party "was exposed to liability and compelled to pay damages . . . on account of the negligent act of" the third-party defendant. *See Martco Ltd. P'ship v. Bruks Inc.,* 430 F. App'x 332, 336 (5th Cir. 2011).

When considering whether there is a foreseeable combination of findings that could find that Fives is only technically liable for Stupp's alleged negligence, the Court looks at the third party complaint itself, without making factual findings at this stage. *Id.* at p. 338. In its Third Party Complaint, Fives alleges that Stupp failed to:

> properly use the Equipment; ensure the operating conditions were within normal conditions for the Equipment; and ensure the Equipment complies with OSHA requirements, including the provision of guards, barriers, and interlocks, for operating areas, platforms, pits, maintenance operations, and barriers and interlocks for all activities requiring personnel barriers and interlocks.

(Doc. 50, ¶ 11). In short, Fives has alleged negligence against Stupp.

Stupp responds, however, that claims against it must be "analyzed against the backdrop of the [Louisiana Workers' Compensation Act]," because Stupp was Decedent's statutory employer. (Doc. 64, p. 2; *see also* Doc. 59-1, p. 2). Louisiana courts have held that due to the exclusive remedy provision of the worker's compensation statutes, employers are immune from tort claims brought by third parties for contribution or indemnification on the basis of an employer's negligence in causing an employee's injuries. *Jarreau v. City of Baton Rouge*, 602 So. 2d 1124, 1126 (La. Ct. App. 1992) (citing *Berninger v. Georgia–Pacific Corp.*, 582 So. 2d 266, 267 (La. App. 1st Cir. 1991)). Thus, to the extent Fives brings an implied indemnification claim based on Stupp's negligence, and to the extent Stupp is found to be Decedent's statutory employer, such claim would be barred by Louisiana law.

IV.   CONCLUSION

Accordingly,

   **IT IS ORDERED** that Third Party Defendant Stupp Bros., Inc.'s

**12(b)(6) Motion To Dismiss Third Party Demand Filed By Fives Bronx, Inc.**

**(Doc. 59)** is **DENIED.**

Baton Rouge, Louisiana, this 30th day of March, 2021

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**