UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TAYLOR DEGGS,  
*individually and on behalf  
of the minor children of  
Stephen Deggs, deceased*

CIVIL ACTION

APTIM MAINTENANCE, LLC, ET AL.

NO. 19-00406-BAJ-EWD

## RULING AND ORDER

Before the Court is Third-Party Defendant Fairfield Machine Company, Inc.'s **Motion For Summary Judgment**, seeking dismissal of Third-Party Plaintiff Fives Bronx, Inc.'s claims against it **(Doc. 119)**. The Motion is unopposed. For the reasons stated herein, Fairfield's Motion is **GRANTED**.

### I. BACKGROUND

On March 27, 2019, Plaintiff Taylor Deggs filed this wrongful death and survival action on behalf of herself and her two minor children following an alleged workplace incident that resulted in the death of Stephen Deggs ("Decedent"), Plaintiffs' husband and father. (Doc. 1-2, ¶¶ 1, 7, 13–15). Decedent allegedly suffered serious injuries when wedged between a pipe and pipe cutting machine at Stupp Bros., Inc.'s Baton Rouge facility, resulting in his death. (*Id.* at ¶¶ 13–14).

1

### A. Plaintiff's Claims against Fives

Plaintiff asserts negligence and product liability claims against several Defendants, including Defendant Fives Bronx, Inc. ("Fives").[1] (*Id.* at ¶¶ 2–6; 16–24). Fives is the alleged manufacturer, designer, and distributor of the conveyer and cutting machine involved in the underlying incident. (*Id.* at ¶ 15). Plaintiff alleges that the conveyor and cutting machine were unreasonably dangerous due to design defect, manufacturing defect, and inadequate warning, which together, are the legal cause of Decedent's injury and death. (*Id.* at ¶¶ 19–24).

### B. Fives's Claims Against Fairfield

Fives brought a Third-Party Complaint against Fairfield Machine Company, Inc. ("Fairfield") and Stupp Bros., Inc. (Doc. 50). Relevant to Fairfield, Fives alleges that Fairfield contracted with Fives, or was a third-party beneficiary to a contract, for the design, manufacture, installation, and construction of a Stationary Rotary Cropper and Rotating Crop Manipulator (the "Equipment"). (*Id.* at ¶ 7). Fives also alleges that Fairfield is contractually obligated to indemnify and hold Fives harmless from all claims, expenses, and liability for claims arising out of the use of the Equipment. (*Id.* at ¶ 10). Fives contends that Fairfield's failure to defend and indemnify against Plaintiff's claims constitutes a breach of contract and entitles Fives to damages, costs, and attorney's fees. (*Id.* at ¶ 13).

Fairfield now moves for summary judgment, arguing that Fives's claims against it are perempted under Louisiana law. (Doc. 119-1, p. 15). Fives fails to oppose

---

[1] Plaintiff alleges that Fives Bronx, Inc. was formerly known as Abbey International, Ltd., which was formerly known as Abbey Etna Machine Co. (Doc. 1-2, p. 8).

2

Fairfield's Motion in any way. Accordingly, Fairfield's Statement of Uncontested Material Facts is deemed admitted.[2] (Doc. 119-2).

The summary judgment evidence shows the following.

### C. Fairfield's Role in Modernization of Stupp Facility

Stupp sought to modernize its facility and engaged Fairfield as the General Contractor on its modernization project. (Doc. 119-2, ¶ 10). As General Contractor, Fairfield: (1) provided expertise, services, and equipment necessary for the modernization project; (2) worked with vendors and engineers; (3) worked on the equipment; (4) oversaw the engineering, procurement, and installation of the equipment; and (5) generally managed and oversaw the entire modernization project. (*Id.* at ¶¶ 9–11).

### D. The Equipment

The Equipment is bolted into the concrete floor of the facility and is hardwired into the facility's electrical system. (*Id.* at ¶ 7). "[A] lot of work and effort would have to go into taking the [Equipment] apart and perhaps removing a wall so that it could be removed . . ." (*Id.* at ¶ 8 (citing Doc. 119-3, p. 191–192)).

---

[2] Local Civil Rule 56(f) dictates that "[f]acts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted." The Court has repeatedly warned that its Local Rules carry the force of law, that parties appearing before the Court are charged with knowledge of its Local Rules, and that a party that "fails to comply with the Local Rules does so at his own peril." *Combs v. Exxon Mobil Corp.*, No. 18-cv-00459, 2020 WL 5121362, at *2 (M.D. La. Aug. 31, 2020). Accordingly, Fairfield's Statement of Uncontested Material Facts is deemed admitted. (Doc. 119-2).

3

### E. Acceptance of the Equipment

As the end customer for the Equipment, Stupp was in direct communication with Fives regarding the requirements it had for the Equipment, including dimensions, front speeds, and capacities. (*Id.* at ¶ 12). Stupp accepted and took possession of the Equipment "no later than December 1997." (*Id.* at ¶ 13). Since Stupp accepted the Equipment in 1997, Fairfield has not performed any work on the Equipment. (*Id.* at ¶ 14).

## II. PROCEDURAL HISTORY

On March 27, 2019, Plaintiff Taylor Deggs filed suit on behalf of herself and S.L.D.D. and S.L.D.S., Plaintiff and Decedent's minor children. (Doc. 1-2, p. 8).

On June 20, 2019, Defendant Aptim Maintenance, LLC removed the above-captioned matter to this Court, asserting diversity jurisdiction, 28 U.S.C. § 1332. (Doc. 1, p. 1–2). Where jurisdiction is founded on diversity, federal courts must apply the substantive law of the forum state. *Meadors v. D'Agostino*, No. CV 18-01007-BAJ-EWD, 2020 WL 1529367, at *3 (M.D. La. Mar. 30, 2020) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938)).

On June 9, 2020, Fives filed a Third-Party Complaint against Fairfield and Stupp. (Doc. 50). Fairfield now moves for summary judgment, seeking dismissal of Fives's claims against it. (Doc. 119).

## III. LEGAL STANDARD

A court may grant summary judgment only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as

4

a matter of law." Fed. R. Civ. P. 56(a). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on motions for summary judgment, courts are required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Coleman v. Hous. Indep. School Dist.*, 113 F.3d 528, 533 (5th Cir. 1997).

To survive summary judgment, however, the nonmoving party must do more than allege an issue of material fact: "Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Auguster v. Vermilion Par. Sch. Bd.*, 249 F.3d 400, 402 (5th Cir. 2001) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citations and quotation marks omitted). A party that fails to present competent evidence opposing a motion for summary judgment risks dismissal on this basis alone. *E.g., Broussard v. Oryx Energy Co.*, 110 F. Supp. 2d 532, 536 (E.D. Tex. 2000) ("Plaintiff produced no genuine issue of material fact to prevent the granting of Defendant's Motion, and therefore, the Court could grant Defendant's Motion for Summary Judgment on this basis alone.").

5

## IV. DISCUSSION

Fairfield argues that Fives's claims against it are perempted under Louisiana Revised Statutes § 9:2772, which precludes actions regarding deficiencies in the construction of immovables or improvements to immovables after the expiration of a five-year peremptive period. (Doc. 119-1, p. 6). Fives fails to oppose Fairfield's Motion.

### A. Peremption

Under Louisiana law, "[p]eremption is a period of time fixed by law for the existence of a right. *Wilson v. Bruks-Klockner, Inc.*, 602 F.3d 363, 369 (5th Cir. 2010) (citing La. Civ. Code art. 3458). Unless timely exercised, the right is extinguished upon the expiration of the peremptive period. *Wilson*, 602 F.3d at 369. Unlike the doctrine of prescription, however, "[p]eremption may not be renounced, interrupted, or suspended." *Id.*

### B. Louisiana Revised Statutes 9:2772

Louisiana Revised Statutes § 9:2772, titled "Peremptive period for actions involving deficiencies in surveying, design, supervision, or construction of immovables or improvements thereon" provides in part:

> A. Except as otherwise provided in this Subsection, ***no action***, whether ex contractu, ex delicto, or otherwise, including but not limited to an action for failure to warn, to recover on a contract, or to recover damages, or otherwise arising out of an engagement of planning, construction, design, or building immovable or movable property which may include, without limitation, consultation, planning, designs, drawings, specification, investigation, evaluation, measuring, or administration related to any building, construction, demolition, or work, ***shall be brought against any person performing*** or furnishing land surveying services, as such term is defined in R.S. 37:682, including but

6

not limited to *those services preparatory to construction, or against any person performing or furnishing the design, planning, supervision, inspection, or observation of construction or the construction of immovables, or improvement to immovable property*, including but not limited to a residential building contractor as defined in R.S. 37:2150.1:

(1)(a) *More than five years* after the date of registry in the mortgage office of acceptance of the work by owner.

(b) If no such acceptance is recorded within six months from the date the owner has occupied or taken possession of the improvement, in whole or in part, *more than five years after the improvement has been thus occupied by the owner.*

(c) If, within ninety days of the expiration of the five-year peremptive period described in Subparagraph (a) of this Paragraph, a claim is brought against any person or entity included within the provisions of this Subsection, then such person or entity shall have ninety days from the date of service of the main demand or, in the case of a third-party defendant, within ninety days from service of process of the third party demand, to file a claim for contribution, indemnity or a third-party claim against any other party.

La. Rev. Stat. § 9:2772(A)–(A)(1).

Subpart B(3) dictates that this peremptive period shall extend to "every demand, whether brought by direct action or for contribution or indemnity or by third-party practice, and whether brought by the owner or by any other person." *Id.* at § 9:2772(B)(3).

### C. Whether Louisiana Revised Statutes § 9:2772 Perempts Fives's Claims Against Fairfield

Fairfield contends that Section 9:2722 perempts Fives's claims against it for the following reasons: (1) the Equipment is an improvement to an immovable; (2) Fairfield performed the type of work contemplated by the statute; (3) Stupp accepted the Equipment in December 1997; (4) since acceptance, Fairfield has not

7

performed work on the Equipment; and (5) the initiation of this suit in 2019 is well beyond five years after the acceptance of the Equipment in 1997. (Doc. 119-1, p. 8–13).

### *i. The Equipment is an Improvement to an Immovable*

First, Fairfield argues that Section 9:2772 applies to Fives's claims against it because the Equipment is an improvement to an immovable. The United States Court of Appeals for the Fifth Circuit has held that "[b]y its plain terms, 9:2772 applies to 'improvements to immovable property.'" *Wilson v. Bruks-Klockner, Inc.*, 602 F.3d 363, 370 (5th Cir. 2010). Because no party disputes that the Stupp facility is an immovable, the Court turns to whether the Equipment constitutes an improvement to an immovable.

The Fifth Circuit considered this question in the context of a wood chipper in *Wilson v. Bruks-Klockner, Inc.*, 602 F.3d 363 (5th Cir. 2010). In *Wilson*, a plaintiff was injured when he caught his foot in a wood chipping machine while working inside a sheet metal building in a plywood mill. *Id.* at 365. After the expiration of the peremptive period provided in Section 9:2722, the *Wilson* plaintiffs sought to bring claims against the company that installed the wood chipper. *Id.* at 366. The Circuit considered whether plaintiffs' claims were perempted under Section 9:2722. *Id.* at 366. To determine whether the statute applied to the *Wilson* plaintiffs' claims, the Circuit sought to determine whether the wood chipper was an "improvement to an immovable." *Id.* at 366, 369.

8

There, the Circuit held that it was "satisfied that the ten-ton wood chipper, hardwired as it is into the factory's electrical system and bolted to steel I-beams in the metal building, is an improvement to the immovable factory building." *Id.* at 373. The Circuit "therefore conclude[d] that Plaintiffs' claims against [contractor defendant] are perempted under 9:2772." *Id.*

The Court finds the instant case similar. The undisputed facts show that the Equipment is bolted into the concrete floor of the Stupp facility and is hardwired into the facility's electrical system. (Doc. 119-2, ¶ 7). The corporate representative for Stupp testified that "a lot of work and effort would have to go into taking the [Equipment] apart and perhaps removing a wall so that it could be removed . . ." (*Id.* at ¶ 8 (citing Doc. 119-3, p. 191–192)). Accordingly, and in the face of no contrary evidence from Fives, the Court agrees that the Equipment is an improvement to an immovable.

### ii. *Fairfield Performed the Type of Work Contemplated by the Statute*

Second, Fairfield argues that it qualifies as "any person performing or furnishing the design, planning, supervision, inspection, or observation of construction or the construction of immovables, or improvement to immovable property." La. Rev. Stat. § 9:2772(A). The uncontroverted facts show that as General Contractor, Fairfield: (1) provided expertise, services, and equipment necessary for the modernization project; (2) worked with vendors and engineers; (3) worked on the equipment; (4) oversaw the engineering, procurement, and installation of the equipment; and (5) generally managed and oversaw the entire modernization project.

9

(Doc. 119-2, ¶¶ 9–11). On its face, and absent any indication to the contrary from Fives, Fairfield appears to be a person "performing or furnishing the design, planning, supervision, inspection, or observation of construction or the construction of immovables, or improvement to immovable property." La. Rev. Stat. § 9:2772(A).

### iii. *The Five-Year Peremptive Period has Expired*

Finally, Fairfield argues that Fives's claims against it are perempted because more than five years have passed since Stupp accepted the Equipment. Section 9:2772 dictates that a claim is perempted five years after either: (1) the date of registry in the mortgage office of acceptance of the work by owner; or (2) if no such acceptance is recorded within six months from the date the owner has occupied or taken possession of the improvement, more than five years after the improvement has been occupied by the owner. La. Rev. Stat. § 9:2772(A)(1)(a)–(A)(1)(b). Here, the uncontroverted facts indicate that Stupp accepted and took possession of the Equipment no later than December 1997. (Doc. 119-2, ¶ 13). Plaintiff initiated the instant action in 2019. (Doc. 1). Fives brought its Third-Party Complaint against Fairfield in 2020. (Doc. 50). Clearly, more than five years have passed since 1997.

### iv. *Conclusion*

Accordingly, the Court finds that Louisiana Revised Statutes § 9:2772 perempts Fives's claims against Fairfield for the following reasons: (1) the Stupp facility is an immovable; (2) the Equipment is an improvement to an immovable; (3) Fairfield performed the type of work contemplated by the statute; (4) the instant


action was initiated far more than five years after 1997. Fairfield's Motion for Summary Judgment (Doc. 119) is **GRANTED**.

### V.  CONCLUSION

Accordingly,

**IT IS ORDERED** that Third-Party Defendant Fairfield Machine Company, Inc.'s **Motion For Summary Judgment (Doc. 119) is GRANTED.**

**IT IS FURTHER ORDERED** that Third-Party Plaintiff Fives Bronx, Inc.'s claims against Fairfield Machine Company, Inc., are hereby **DISMISSED WITH PREJUDICE.**

Baton Rouge, Louisiana, this 29th day of June, 2022

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**